### TEXAS & PACIFIC RAILWAY COMPANY v. J. Y. STEWART.

#### Decided April 1, 1905.

**1.—Carriers of Live Stock—Damages—Delay Preventing Sale.**
    Where plaintiff shipped horses to Texarkana which he had contracted to sell with delivery at Mineola, of which the carrier had notice, and because of its negligence he lost such sale and made another sale of the horses at Fort Worth, to be delivered at Texarkana, but the carrier's further negligence having prevented the consummation of that sale also, he was forced to sell at Texarkana at the market price, which was less than the contract price, it was error for the court's charge, where the evidence showed that the damages from loss of the sale at Mineola could not amount to the sum sued for, to instruct the jury, if they found the carrier was negligent, to find for plaintiff not to exceed the sum sued for.

**2.—Same—Measure of Damages.**
    If the loss of the sale at Mineola was the only loss, the measure of damages was the difference in the contract price of the horses at Mineola and the price bargained for at Fort Worth, but if both sales were missed through defendant's negligence, then the measure of damages would be the difference between the contract price at Mineola and the market value of the horses in the condition and at the time they arrived at Texarkana.

Appeal from the County Court of Mitchell. Tried below before Hon. W. B. Crockett.

*Earnest & Smith,* for appellant.

*F. G. Thurmond* and *R. G. Smith,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee sued the appellant to recover damages to twenty-nine head of horses shipped from Roscoe, Texas, to Texarkana, Texas, alleging that he had contracted to sell said horses for $27.50 per head, conditioned on their delivery at Mineola, Texas, on July 1, 1903, of which contract the appellant had due notice, and that through appellant's negligence the horses did not reach Mineola within proper time, whereby he was prevented from complying with his contract, and in consequence of which he was forced to sell to another party at Fort Worth, Texas, at a less sum per head, to be delivered at Texarkana, and by reason of appellant's further negligence he was prevented in consummating this sale, and was forced to sell the horses at Texarkana for $15 per head, that being their market value in their then condition. There was judgment against appellant for $340 with interest, hence this appeal.

The seventh and eighth assignments of error, attacking the fifth paragraph of the court's charge, are sustained, the paragraph in question

reading: "If, under paragraph 4 of this charge, you should find for plaintiff, and you further find from the evidence that the plaintiff made a contract of sale of said horses in Fort Worth, Texas, to one H. S. Dees, and you further find that under said contract plaintiff was to deliver said horses to said Dees at Texarkana, and you further find from the evidence that, from the failure of the defendant to use ordinary care and diligence in handling and transporting said horses to Texarkana, Texas, and you further find that, after said horses reached Texarkana, the defendant failed to use ordinary care and diligence in delivering said horses to said Dees, then you will assess the damages of plaintiff at the difference between the price for which plaintiff had contracted said horses at Mineola, Texas, on July 1, 1903, and the market price of said horses at Texarkana, Texas, which would be the difference in the market value of said horses at said Texarkana, at the time and in the condition in which they should have been delivered, and at the time and in the condition in which they were delivered at said Texarkana after said sale to said Dees at Fort Worth, Texas." The objections to this paragraph are that the "same is confused, misleading, and wholly unintelligible, because it submits to the jury a false, improper and impossible measure of damages," and because the "market price of said horses at Texarkana was the price at which they could have been sold at that time and in their then condition." Counsel for appellee admits that the charge is exceedingly awkwardly framed, and perhaps subject to other criticisms than those urged against it by appellant; and so much so, we think, that the construction given it by the jury is entirely problematical.

The status of the evidence being such that if appellant was liable for the loss of the contract at Mineola only, the damages could not amount to anything like $362.50, the sum claimed in the suit, the court should not have instructed the jury that, in that event, they would find for the plaintiff not to exceed that sum. If that should prove to be the extent of appellant's negligence the jury should be instructed to find for the plaintiff the difference between the contract price of the horses at Mineola and the sum brought at Fort Worth. Of course, if both sales were missed through the negligence of appellant, then the measure of damages would be the difference between the contract price at Mineola and the market value of the horses in the condition and at the time they arrived at Texarkana.

*Reversed and remanded.*